IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| DARIUS QUINARD CARLISLE, | ) |
| Movant, | ) |
| v. | ) CIVIL ACTION NO. 2:16-05200 |
| | ) (Criminal No. 2:04-00096) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence by a Person in Federal Custody (Document No. 189) and "Supplemental Motion to Correct Sentence Under 28 U.S.C. § 2255" (Document No. 219). By Standing Order, this matter was referred to the undersigned for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 190.)

## FACTUAL AND PROCEDURAL BACKGROUND

**A**   **Criminal Action No. 2:04-00096:**

On December 13, 2004, Movant pled guilty to one count of Committing Robbery Affecting Interstate Commerce (Hobbs Act Robbery) in violation of 18 U.S.C. § 1951 (Count One), and one count of Using a Firearm in Furtherance of a Violent Crime (Count Two) in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Criminal Action No. 2:04-00096, Document Nos 127 - 129.) The District Court sentenced Movant on February 25, 2005, to total term of imprisonment of 216 months, which consisted of "96 months on Count One and 120 months on Count Two, sentences to run consecutively." (Id., Document Nos. 140 and 144.) The District Court further imposed a term of supervised release of "a three-year term of supervised release on Count One and a five-year term

on Count Two, sentences to run concurrently." (Id.) Finally, the District Court imposed a $200 special assessment and $67,585.18 in restitution. (Id.) Movant did not file a direct appeal to the Fourth Circuit Court of Appeals.

**B.     First Section 2255 Motion:**

On March 3, 2008, Movant, acting *pro se*, filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Id., Document No. 152.) As grounds for relief, Movant argued as follows: (1) "Actual and factual innocence of a violation of 18 U.S.C. § 1951;" and (2) "Actual and factual innocence of a violation of 18 U.S.C. § 924(c)(1)(A)." (Id.) By Proposed Findings and Recommendation entered on March 17, 2008, United States Magistrate Judge Mary E. Stanley recommended that Movant's Section 2255 Motion be denied as untimely. (Id., Document No. 155.) By Memorandum Opinion and Order entered on July 22, 2008, United States District Judge David A. Faber adopted Judge Stanley's recommendation and denied Movant's Section 2255 Motion. (Id., Document Nos. 168 and 169.)

**C.     Rule 60(b) Motion:**

On May 11, 2009, Movant filed his Motion for "Relief From Judgment and Order Under Federal Rules of Civil Procedure, Rule 60(b)." (Id., Document No. 176.) By Proposed Findings and Recommendation entered on July 24, 2009, Magistrate Judge Stanley recommended that Movant's Rule 60(b) Motion be construed as a successful Section 2255 Motion and dismissed. (Id., Document No. 181.) By Memorandum Opinion and Order entered on November 12, 2009, District Judge Faber adopted Judge Stanley's recommendation and denied Movant's Rule(b) Motion as a successive Section 2255 Motion. (Id., Document No. 184.)

**D.     Request for Authorization to File a Successive Section 2255 Motion:**

On May 27, 2016, Movant filed with the Fourth Circuit a "Motion for Authorization to File

a Successive Motion Under 28 U.S.C. § 2255" pursuant to 28 U.S.C. § 2244 based upon Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). In re: Darius Quinard Carlisle, Case No. 16-944 (4th Cir.). By Order entered on June 6, 2016, the Fourth Circuit granted Movant's Motion seeking authorization to file a second or successive application for relief under 28 U.S.C. § 2255. (Id., Document No. 188.)

**E.     Instant Section 2255 Motion:**

On June 6, 2016, Movant, acting *pro se*, filed his "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person in Federal Custody." (Civil Action No. 2:16-05200, Document No. 189.) Movant argues that his is "factually innocent of committing a crime of violence under 18 U.S.C. § 1951, in light of Johnson." (Id.) By Order entered on June 15, 2016, the Court appointed the Federal Public Defender to represent Movant concerning Movant claim that he was entitled to habeas relief based on Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (Id., Document No. 194.) By Order entered on August 19, 2016, the undersigned directed Movant, by counsel, to file any supplemental brief in support of his Section 2255 Motion by September 20, 2016, and directed the United States to file its Answer by November 1, 2016. (Id., Document No. 214.) Movant, by court-appointed counsel, Federal Public Defender Christian M. Capece, filed his "Supplemental Motion to Vacate and Correct Sentence Under 28 U.S.C. § 2255." (Id., Document No. 219.) Movant first explains that he was convicted of one count of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) (Count Two). (Id.) Movant states that the underlying "crime of violence" for the Section 924(c) charge was a violation of 18 U.S.C. § 1951 (Hobbs Act robbery). (Id.) Movant argues that post-Johnson, Hobbs Act robbery categorically fails to qualify as a "crime of violence." (Id.)

First, Movant asserts that Hobbs Act robbery is not a "crime of violence" under Section 924(c)(3)(A)'s "force clause" because: (1) "it can be accomplished by putting another in fear of injury to intangible property, which does not require the threat of physical force to property necessary under the § 924(c)(3)(B) force clause;" (2) it can be committed "by placing another person in fear of physical injury, which the Fourth Circuit in *Torres-Miguel* squarely held does not require the threat of violent physical force necessary to qualify as a 'crime of violence' under § 924(c)(3)'s force clause;" and (3) it can be committed "by the use, attempted use, or threaten use of *de minimis* force – the type of force which the Fourth Circuit in *United States v. Gardner*, 823 F.3d 793 (4th Cir. 2016) recently held does not constitute the violent physical force necessary to qualify an offense as a 'crime of violence' under the force clause." (Id.) Thus, Movant concludes that Hobbs Act robbery cannot qualify as a "crime of violence" under the "force clause" because the "full range of conduct" covered by the statute does not require "violent force." (Id.)

Second, Movant claims that Hobbs Act robbery is not a crime of violence under the § 924(c)(3)(B)'s "residual clause" because that similarly worded provision suffers from the same substantive constitutional defects that prompted the Supreme Court to hold the ACCA residual clause failed to provide adequate notice and invited arbitrary enforcement to the degree it was unduly vague under the Due Process Clause. (Id.) Movant explains that in Johnson, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague. (Id.) Movant, therefore, argues that logically Johnson applies to Section 924(c)(3) based on the substantively similar language of Section 924(e)(2)(B)(ii) and 924(c)(3)(B). (Id.) Movant further cites Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015) and United States v. Vivas-Ceja, 808 F.3d 719 (7th Cir. 2015) in support of his claim. (Id.) In Dimaya and Vivas-Ceja, the Ninth and Seventh Circuits determined that the "residual clause" of Section 16(b) was

unconstitutional based upon Johnson. (Id.) Movant notes that the "residual clause" of Section 16(b) and Section 924(c)(3) are textually identical. (Id.) Citing In re Hubbard, Movant notes that the Fourth Circuit treats Section 16(b) identically to Section 924(c)(3). (Id.) Accordingly, Movant argues that his Section 924(c) conviction should be vacated based upon Johnson. (Id.)

On November 1, 2016, the United States filed its Response to Movant's Section 2255 Motion. (Id., Document No. 223.) First, the United States argues that Movant "knowingly and voluntarily waived his right to challenge his guilty plea and conviction, and any sentence imposed for the conviction, in any collateral attack, including relief under 28 U.S.C. § 2255." (Id.) Second, the United States argues that Hobbs Act robbery constitutes a "crime of violence" under the "force clause" of Section 924(c)(3)(A). (Id.) The United States notes that Movant fails to acknowledge that the Hobbs Acts proscribes two independent means of violating with their own elements: "(1) robbery, which involves an unlawful taking by 'actual or threated force, or violence, or fear of injury;' and (2) extortion, which involves the 'obtaining of property for another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." (Id.) The United States argues that "the plain language of the statute, robbery can only occur under actual or threatened force." (Id.) Third, the United States contends that Movant procedurally defaulted on this claim, inasmuch as he has never before challenged whether Hobbs Act robbery is properly considered a crime of violence under the force clause, and he has offered no good reason to excuse his delay in bring such a challenge. (Id.) Fourth, the United States claims that Movant's claim that Hobbs Act robbery does not satisfy the "force clause" categorically based upon Descamps is untimely. (Id.) Fifth, the United States asserts that Movant's claim is premature because the Supreme Court had not held that Johnson applied to Section 924(c) or that it was retroactively applicable to such. (Id.) Finally, the United States argues that Johnson does not

invalidate Section 924(c)(3)(B). (Id.)

On November 29, 2016, Movant filed his Reply. (Id., Document No. 225.) First, Movant argues that Hobbs Act Robbery is not a crime of violence under Section 924(c)(3)(A). (Id.) Second, Movant argues that "[p]rocedural default does not prevent [Movant] from raising a *Johnson* challenge in his § 2255 motion because he has cause for not making the 'novel' challenge at sentencing or during his direct appeal." (Id.) Third, Movant argues that his claim is timely because he file his motion within one year of the Supreme Court's issuance of *Johnson*. (Id.) Fourth, Movant argues that "[a] Johnson-based argument about § 924(c)(3)(B) is reviewable in a § 2255 motion." (Id.) Finally, Movant argues that "Johnson applies to § 924(c)(3)(B)." (Id.)

On July 1, 2018, Movant filed his "Supplemental Motion to Correct Sentence Under 28 U.S.C. § 2255." (Id., Document No. 233.) Movant noted that since the filing of his original Motion, the Supreme Court decided Sessions v. Dimaya, 138 S.Ct. 1204 (2018). (Id.) Movant notes that relying upon Johnson, the Supreme Court in Dimaya held that Section 16(b) is unconstitutionally vague. (Id.) Movant argues that Dimaya demonstrates that Johnson's void-for-vagueness analysis is not limited to the ACCA. (Id.) Movant again notes that the "residual clause" of Section 16(b) and Section 924(c)(3) are textually identical. (Id.) Movant, therefore, argues that he is entitled to relief. (Id.)

By Order entered on July 4, 2018, the undersigned direct the United States to file a response to Movant's Supplemental Motion. (Id., Document No. 234.) First, the United States argues that "[b]ecause Hobbs Act robbery is a crime of violence under the force clause in § 924(c)(3)(A), there is no need to examine defendant's *Dimaya*-based argument that the residual clause in § 924(c)(3)(B) is unconstitutionally vague." (Id., p. 4.) Second, the United States argues that Dimaya has not been made retroactively applicable to cases on collateral review, and therefore Movant's

6

Dimaya claim is premature. (Id., pp. 4 – 6.) Third, the United States contends that Dimaya did not render Section 924(c)(3)(B) unconstitutional. (Id., pp. 6 – 16.) The United States explains Dimaya did not hold that Section 16(b) "invariably mandates a categorical approach under which a court must disregard real-world conduct in favor of attempting to identify the 'ordinary case" of a particular crime." (Id., p. 7.) The United States concludes that because "*Dimaya* did not include any holding by a majority of the Court that § 16(b) requires a categorical approach, it leaves open the same question for § 924(c)(3)(B)." (Id., p. 8.) The United States, therefore, argues that Section 924(c)(3)(B) should be interpreted to require a case-specific approach. (Id., pp. 8 – 16.) The United States concludes that by applying a case-specific approach, the vagueness problem is avoided. (Id.) The United States further contends that in applying a case-specific approach, the underlying conduct of Movant's Hobbs Act robbery constitutes a "crime of violence" and his Section 2255 Motion should be denied. (Id.)

On October 26, 2018, United States filed its Supplemental Brief arguing that this court join the First, Second, Third, and Eleventh Circuits in finding that a real-world, case-specific approach is the correct and appropriate method to determine whether a crime constitutes a crime of violence under § 924(c)(3)(B)." (Id., Document No. 258.)

By Order entered on June 5, 2019, the undersigned stayed the above case pending the United States Supreme Court's decision in United States v. Davis, No. 18-431. (Id., Document No. 268.) Specifically, the undersigned noted that on April 17, 2019, the Supreme Court heard oral arguments in Davis, which addressed, *inter alia*, whether the residual clause found in 18 U.S.C. § 924(c)(3)(B) is void for vagueness, and whether a categorical or case-specific approach should be used in determining whether the crime that serves as the basis of a section 924(c) offense is a "crime of violence" under section 924(c)(3). (Id.)

## ANALYSIS

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which

8

could have been raised on direct appeal."); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

In the instant case, Movant argues that he is entitled to relief based upon Johnson. In Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson, ___ U.S. at ___, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year " that - - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii)(emphasis added). The italicized portion above is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." Id. On April 18, 2016,

the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

In the instant case, Movant does not contend that he was sentenced under the ACCA. Movant, however, argues that Johnson should be extended to 18 U.S.C. § 924(c). Movant was convicted of one count of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) (Count Two). Movant states that the underlying "crime of violence" for the Section 924(c) charge was a charge of Hobbs Act robbery in violation of 18 U.S.C. § 1951. Movant explains that Section 924(c)'s definition of "crime of violence" contains a "residual clause" that is materially indistinguishable from the "residual clause" in the ACCA that was struck down in Johnson. Section 924(c)'s "residual clause" defines "crime of violence" to include any felony that "by its nature, involves a substantial risk that physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(B). In Sessions v. Dimaya, ___ U.S. ___, 138 S.Ct. 1204, 200 L.Ed.2d 549 (2018), the Supreme Court extended Johnson and determined that the "residual clause" found in 18 U.S.C. § 16(b) is unconstitutionally vague. As noted by Movant, the definition of "crime of violence" as contained in Section 16(b) is nearly identical to the definition of "crime of violence" contained in Section 924(c)(3)(B). Recently, the Supreme Court also held that the "residual clause" of Section 924(c)(3)(B) is unconstitutionally vague. United States v. Davis, ___ U.S. ___, 139 S.Ct. 2319, 204 L.Ed.2d 757 (2019). The Supreme Court considered whether Section 924(c)'s vagueness problem could be avoided by applying a case-specific, rather than a categorical, approach. Id. The Supreme Court, however, rejected the Government's request that the Court "abandon the traditional categorical approach and hold that the statute commands a case-

specific approach that would look at the defendant's actual conduct in the predicate crime." Id. The Supreme Court determined that Section 924(c)(3)(B), similar to Section 16(b), carries a categorical approach and is unconstitutionally vague. Id.

The undersigned will assume without deciding that Movant's Section 2255 Motion is timely, and Davis is retroactive to cases on collateral review based upon Johnson and Welch. Despite the holding in Davis, the undersigned finds that Movant is not entitled to relief. In his Section 2255 Motion, Movant argues that his Hobbs Act robbery conviction is not a "crime of violence" under the "force clause" of Section 924(c)(3)(A). The Fourth Circuit, however, specifically addressed this issue in United States v. Mathis, 932 F.3d 242 (4th Cir. 2019). In Mathis, the Fourth Circuit determined "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." Id. at 266. Other Circuits, and district courts within the Fourth Circuit, have determined that same. See United States v. Jones, 919 F.3d 1064, 1072 (8th Cir. 2019); United States v. Garcia-Ortiz, 904 F.3d 102, 109 (1st Cir. 2018), cert. denied, ___ U.S. ___, 139 S.Ct. 1208, 203 L.Ed.2d 232 (2019); United States v. Melgar-Cabrera, 892 F.3d 1053, 1060-66 (10th Cir. 2018), cert. denied, ___ U.S. ___, 139 S.Ct. 494, 202 L.Ed.2d 386 (2018); United States v. St. Hubert, 909 F.3d 335 (11th Cir. 2018); United States v. Hill, 890 F.3d 51 (2nd Cir. 2018), cert. denied, ___ U.S. ___, 139 S.Ct. 844, 202 L.Ed.2d 612 (2019); United States v. Anglin, 846 F.3d 954, 965 (7th Cir. 2017), cert. granted, judgment vacated on other grounds, ___ U.S. ___, 138 S.Ct. 126, 199 L.Ed.2d 1 (2017); In re St. Fleur, 824 F.3d 1337, 1340 (11th Cir. 2016); United States v. Howard, 650 Fed.Appx. 466, 468 (9th Cir. 2016); United States v. Edwards, 2019 WL 3347173, * 2 (E.D. Va. July 25, 2019); United States v. Miller, 2019 WL 3310533, * 2 – 3 (D.S.C. July 23, 2019); Usher v. United States, 2018 WL 4259232, * 3 (E.D.N.C. Sept. 3, 2018); United States v.

Taylor, 2017 WL 3381369, * 5 (W.D.Va. Aug. 4, 2017); Harkum v. United States, 2016 WL 5137417, * 4 (N.D.W.Va. Sept. 21, 2016); and United States v. Clarke, 171 F.Supp.3d 449, 452-57 (D.Md. 2016). Accordingly, the undersigned respectfully recommends that Movant's Section 2255 Motion and Supplemental Motion be denied because Movant's conviction for Hobbs Act robbery qualifies as a "crime of violence" under the "force clause" of Section 924(c)(3).

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **REINSTATE** the above case to the active docket, **DENY** Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence by a Person in Federal Custody (Document No. 189) and "Supplemental Motion to Correct Sentence Under 28 U.S.C. § 2255" (Document No. 219), and remove this matter from the docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant and counsel of record.

Date: January 22, 2020.

Omar J. Aboulhosn
United States Magistrate Judge